### Richard Elliott v. Horace Green and another.

A recognizance of special bail is not such a "written instrument" as is intended by Circuit Court Rule 79, which provides that in any action brought upon a written instrument the plaintiff shall not be put to the proof of its execution, or the hand writing of the defendant, unless its execution be denied by affidavit.

The genuineness of a recognizance of special bail may be disproved by defendants in an action brought thereon.

*Heard January 20th. Decided April 29th.*

Error to Shiawassee Circuit.

Elliott sued Green & Hinkley, on a recognizance of special bail, alleged to have been entered into by them

before a Notary Public, as sureties for one Dudley, in an action brought in the Circuit Court for Ingham county. Defendants interposed a plea of the general issue, with notice that if any such recognizance existed, it was not genuine, and was never executed and acknowledged by them. No affidavit was made of the fact alleged in the notice. On the trial, as appears by the bill of exceptions, the instrument sued on was given in evidence, and the defendants then " offered to prove that the said paper, purporting to be a recognizance of special bail, was not executed or acknowledged by the said defendants, as it purported to be." The plaintiff objected to this evidence on the grounds :

1. No affidavit denying the execution of the said recognizance, or the hand writing of the defendants, had been filed and served.

2. The recognizance is a record, and can not be impeached in this manner.

The Court overruled the objection, and evidence was given " tending to disprove the execution and acknowledgment of the said recognizance by the said defendants, and also the genuineness of their signatures thereto ;" and defendants had judgment.

*J. W. Longyear*, for plaintiff in error :

If the sureties would impeach the record, they must attack it in the Court and case in which it exists, by a motion to correct or expunge : — 1 *Ind.* 427 ; 6 *Pick.* 239. So long as the record exists it imports absolute verity, and can not be impeached upon this issue except for matters appearing upon its face. The record must be tried by itself : — 1 *Chit. Pl.* 370, 485–6 ; 1 *Greenl. Ev.* § 523 ; 2 *Burr. Prac.* 233 ; 19 *Ill.* 117 ; 28 *Miss.* 398 ; 6 *McLean,* 630 ; 9 *Fost.* 580 ; 16 *Johns.* 55 ; 6 *Pick.* 232 ; 1 *Ind.* 427 ; 4 *McLean,* 339 ; 19 *Conn.* 489 ; 5 *Bac. Abr.* 25 (*Bouv. Am. Ed.*).

If the evidence would be admissible in any case, it can not be here:—*C. C. Rule* 79; 5 *Mich.* 26; 2 *McLean,* 194; 6 *McLean,* 27; 1 *Burr. L. Dic.* 454, 455.

*A. & E. Gould,* for defendants in error:

The recognizance is not a record. The Statute does not make it one: it simply provides for its execution and filing. The proceedings at common law for putting in special bail differed from our own in several particulars. The bail piece, which was a *memorandum* that certain persons who executed it had become bail, answered in legal effect to our recognizance of special bail. But it was not the common law recognizance of special bail. No action was brought upon it, and none could be. The recognizance of special bail was made upon the record of the Court by the clerk thereof, and consisted of the pleadings and statement of the undertaking of the bail, and when made was called the recognizance roll. This roll was the record upon which action was brought. The bail piece was not a record, and was not used or referred to in the action:—1 *Burr. Pr.* 109; 2 *Ibid.* 229; *Grah. Pr.* 145, 381; *Yates Pl.* 20; 3 *Pet. Com. L.* 208; *Ibid.* 140; 2 *C. & H. Notes to Phil. Ev.* 272; 9 *Johns.* 286. No similar record is made under our statute.

But if a record, it may be impeached on the ground of forgery:—2 *C. & H. Notes to Phil. Ev.* 272. And on the ground that the Court had no jurisdiction to make the record:—5 *Wend.* 148; 19 *Johns.* 161; 4 *Cow.* 292; 6 *Wend.* 447; 7 *Cranch,* 481; 3 *Wheat.* 234; 4 *Denio,* 56; 6 *Cow.* 695; 4 *Comst.* 519; 2 *Kern.* 156; 17 *N. Y.* 72.

Rule 79 does not apply to this case; but if it did, we might still disprove the instrument. That rule only shifts the burden of proof. It does not say the execution of the instrument *shall not be denied*; but only that the plaintiff "*shall not be put to the proof* of the instrument.*"

ELLIOTT *v.* GREEN.

CAMPBELL J.:

The first question presented is whether under rule 79 the Court below was at liberty to receive evidence to disprove the execution of the undertaking of bail sued upon, without an affidavit filed with the plea.

We are of opinion that this rule is not applicable. It was designed to cover cases of private instruments, and not such undertakings in the course of justice as are at least *prima facie* evidence of themselves when produced. The instrument sued upon is called by the statute a *recognizance*, and a *scire facias* is one of the means of enforcing it. Although it is in one sense a written instrument, yet we do not think the rule referred to reaches it.

It was objected however, that, being a matter of record, it can not be assailed in any way. How far a record is conclusive evidence, and how far only *prima facie* evidence, depends very much on the nature of the record, and very much also on the tribunal from whose action it derives its validity. The case before us, had it shown what evidence was offered to assail the recognizance, and upon what specific points, might possibly have called for an investigation of these questions. But it appears that the genuineness of the document was the only question in controversy, and inasmuch as the particular evidence offered does not appear, we can not presume it improper if any at all was receivable. There is no record which can not be assailed as not genuine. And where any portion of a pretended record has been forged or altered, it would be absurd to hold that a party who would be bound by the record if genuine can not dispute it. This would make the act of a private forger, and not the act of a court of justice, import absolute verity.

We think the genuineness of the recognizance was fairly in issue, and that there was no error in permitting proof upon it.

The judgment below must be affirmed with costs.

MARTIN Ch. J. concurred.

ELLIOTT v. GREEN.

MANNING J.:

The recognizance is not taken in open Court, but is signed by the bail and acknowledged before an officer out of court. It is then filed in the cause, and becomes a record. The signatures of the bail and the officers taking the acknowledgment, as I understand the statute, are a necessary part of the recognizance; so much so that it would be worthless without them. If I am correct in this, in an action against the bail the genuineness of the signatures may be controverted, not to contradict the record, but to show that what on its face purports to be a record is not a record. The 79th rule of the Circuit Court is inapplicable to the case.

CHRISTIANCY J. concurred in these opinions.

*Judgment affirmed.*